# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

RICHARD D. MACHETTE,     :
               Petitioner,     :

v.     :     Civ. Act. No. 09-709-LPS

PERRY PHELPS, Warden, and JOSEPH     :
R. BIDEN, III, Attorney General
of the State of Delaware,     :

               Respondents.     :

---

Richard D. Machette. *Pro se* Petitioner.

Danielle J. Brennan, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

---

**MEMORANDUM OPINION**

May 27, 2011
Wilmington, Delaware

*(signature)*
**Stark, District Judge:**

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Richard D. Machette ("Petitioner"). (D.I. 1) For the reasons discussed, the Court will dismiss the Petition and deny the relief requested.

## BACKGROUND

Petitioner was indicted in 2006 on one count of aggravated menacing and one count of possession of a deadly weapon during the commission of a felony ("PDWDCF"). A jury trial was held in the Delaware Superior Court in January 2007, which ended in a mistrial and with the judge ordering Petitioner to undergo a psychiatric evaluation. (D.I. 12) A new jury trial was held in July 2007, during which Petitioner appeared *pro se* with the public defender acting as standby counsel. The jury found Petitioner guilty of both charges, and he was sentenced as an habitual offender to a total of thirty years at Level V confinement, followed by six months of probation. *Id.; see also Machette v. State*, 977 A.2d 898 (Table), 2009 WL 2426202, at *1 (Del. Aug. 10, 2009). Represented by counsel, Petitioner filed a timely notice of appeal, but later filed a motion to voluntarily dismiss. The Delaware Supreme Court dismissed Petitioner's appeal on February 20, 2008. (D.I. 14, *State v. Machette*, RK06-08-0742-R1; RK06-10-0047-R1, Commr's. Rep. & Rec. at 2 (Del. Super. Ct. Sept. 19, 2008))

On March 23, 2008, Petitioner filed a *pro se* petition for writ of habeas corpus, which the Delaware Superior Court denied on March 25, 2008. Petitioner also filed a *pro se* motion to correct sentence, which was denied on March 31, 2008.

On May 6, 2008, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). In a Report and Recommendation dated

1

September 19, 2008, a Delaware Superior Court Commissioner recommended that the Rule 61 motion be dismissed as procedurally barred by Rule 61(i)(3). Petitioner filed a *pro se* notice of appeal to the Delaware Supreme Court on October 20, 2008, but voluntarily dismissed the appeal on October 27, 2008, because it was interlocutory. (D.I. 14) Petitioner then filed a motion for amended postconviction relief. (D.I. 14, Del. Super. Ct. Dkt. Entry No. 73) The Superior Court denied Petitioner's motion to amend on March 2, 2009, informing Petitioner that he would have until March 20, 2009 to file in the Superior Court an appeal or written objections to the Report and Recommendation. (D.I. 14, Del. Super. Ct. Dkt. Entry No. 74) Petitioner did not file any objections in the Superior Court; instead, he filed an appeal to the Delaware Supreme Court on March 16, 2009. *See Machette*, 2009 WL 2426202, at *1. The Delaware Supreme Court denied the appeal for lack of jurisdiction on August 10, 2009, because the Superior Court's order of March 2, 2009 was not a final appealable order. *Id.* The Superior Court ultimately denied Petitioner's Rule 61 motion on November 13, 2009. (D.I. 14, Del. Super. Ct. Dkt. Entry No. 89) Petitioner did not appeal that decision.

Petitioner filed the instant Petition in September, 2009. (D.I. 1) The State filed an Answer, asserting that the Petition should be dismissed as procedurally barred. (D.I. 12)

## GOVERNING LEGAL PRINCIPLES

### The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only

"on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford*, 538 U.S. at 206.

### Exhaustion and Procedural Default

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the petitioner has exhausted all means of available relief under state law. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45; *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion

3

requirement by demonstrating that the habeas claims were "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Coverdale v. Snyder*, 2000 WL 1897290, at *2 (D. Del. Dec. 22, 2000). "Fair presentation of a claim means that the petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004) (internal citations omitted).

If a state court refused to consider a petitioner's claims due to failure to comply with an independent and adequate state procedural rule, the claims are deemed exhausted but procedurally defaulted. *See Harris v. Reed*, 489 U.S. 255, 263 (1989); *Werts*, 228 F.3d at 192. Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *See McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show "that [the errors at trial] worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice.

4

*See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency, *see Bousley v. United States*, 523 U.S. 614, 623 (1998), and is established if no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt, *see Sweger v. Chesney*, 294 F.3d 506, 522-24 (3d Cir. 2002). A petitioner establishes actual innocence by asserting "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial," showing that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt. *See Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004).

## DISCUSSION

The Petition's sole claim asserts that the Delaware Superior Court made an evidentiary finding "without holding a hearing and giving Petitioner . . . an opportunity to present evidence." (D.I. 1) Petitioner contends that "such findings clearly result in an unreasonable determination of the facts for the purpose of federal habeas review." *Id.*

To the extent Petitioner contends that the Superior Court erred in not holding an evidentiary hearing during his Rule 61 proceeding, this alleged error is not cognizable on federal habeas review. *See Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998) ("[T]he federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation."). In turn, to the

5

extent Petitioner's true allegation is that the evidence presented during his trial was unreliable, or to the extent Petitioner is attempting to assert the same three claims he raised in his Rule 61 motion,[1] the record demonstrates that Petitioner did not exhaust state remedies for any of these claims. For instance, Petitioner did not appeal the Superior Court's November 2009 final denial of his Rule 61 motion, and Petitioner's two interlocutory appeals of his Rule 61 motion to the Delaware Supreme Court did not exhaust state remedies because those appeals were dismissed for lack of jurisdiction. *See Dorsey v. Carroll*, 393 F. Supp. 2d 272, 276 (D. Del. 2005) ("[T]he presentation of claims to the state courts by improper procedural methods does not exhaust state remedies.") At this juncture, Delaware court rules would bar Petitioner from obtaining further review of any of these claims in the Delaware State Courts.[2] Therefore, the claims are

---

[1] The three claims raised in Petitioner's Rule 61 motion and in his May 2009 interlocutory post-conviction appeal were: (1) the State improperly tampered with the witnesses, demonstrated by the differences in testimony between the first and second trials; (2) Petitioner was prejudiced by corrections officers standing behind him in the courtroom throughout the trial; and (3) issues relating to letters in Petitioner's case file, including that standby counsel removed favorable letters from the file and the trial judge's refusal to permit Petitioner to read any letters from the witness stand. (D.I. 14, *State v. Machette*, Commr's. Rep. & Rec. at 3; D.I. 14, *Machette v. State*, Appellant's Op. Br., No. 134,2009) The fact that Petitioner filed a copy of his interlocutory post-conviction appellate opening brief in this case may be his attempt to raise those same arguments on federal habeas review. (D.I. 24)

[2] If Petitioner were to file an appeal of the Superior Court's decision, it would be denied as untimely. *See* Del. Supr. Ct. R. 6. In addition, if Petitioner raised his arguments in a new Rule 61 motion in order to appeal any adverse decision, the Rule 61 motion would be barred as untimely under Rule 61(i)(1), as repetitive under Rule 61(i)(2), and as procedurally defaulted under Rule 61(i)(3) due to his failure to raise the arguments on direct appeal. *See Righter v. Snyder*, 2002 WL 63802, at *4 (D. Del. Jan. 17, 2002); *Folks v. Phelps*, 2009 WL 498008 (D. Del. Feb. 26, 2009) (Rule 61(i)(2) bars any ground for relief that was not asserted in a prior post-conviction proceeding, unless reconsideration is warranted in the interest of justice); *Bright v. Snyder*, 218 F. Supp. 2d 573, 580 (D. Del. 2002) (Rule 61(i)(3)). The three claims Petitioner presented in his Rule 61 motion and interlocutory appeal would also be barred as formerly adjudicated under Rule 61(i)(4).

procedurally defaulted and the Court cannot review their merits absent a showing of cause and prejudice or a miscarriage of justice.

Petitioner attempts to establish cause by alleging that "major evidence" has been repeatedly removed from his file. (D.I. 15) The "major evidence" appears to include: a letter from the Delaware Governor's Office, originally stamped "received and filed September 24, 2007," but subsequently stamped "void"; a letter from Tom Carper stamped "received and filed September 24, 2007;" a letter from Petitioner to "whom it may concern" describing Petitioner's theories on his case, stamped "received and filed September 24, 2007;" a letter from Petitioner's mother, dated September 21, 2007; a letter from Petitioner to the Superior Court adding new claims to his Rule 61 motion; and a letter from the Public Defender's office, dated October 11, 2007, informing Petitioner that he needed to indicate whether he wished the public defender to represent him on appeal or not.[3] (D.I. 16) None of this "evidence," however, explains why Petitioner voluntarily dismissed his direct appeal, nor does it address why Petitioner failed to file an appeal from the Superior Court's November 2009 denial of his Rule 61 motion. As such, the Court concludes that he has failed to establish cause for his procedural default.

In the absence of cause, the Court will not address the issue of prejudice. Additionally, Petitioner's allegation of "actual innocence" fails to warrant the application of the miscarriage of justice exception to the procedural default doctrine, because he has not presented new reliable evidence of his innocence that was not presented at trial. Accordingly, the Court will deny the Petition as procedurally barred.

---

[3]The public defender who acted as standby counsel did file a notice of appeal on Petitioner's behalf. (D.I. 16)

7

## CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2008). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, a federal court denying a habeas petition on procedural grounds without reaching the underlying constitutional claims is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The Court has concluded that the Petition does not warrant relief. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is **DENIED**. An appropriate Order will be entered.